IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERAFINA LICCARDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1719-L-BN |
| | § | |
| ROSE LYSKOWSKI FAMILY ESTATE, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Serafina Liccardi filed this *pro se* action against the Rose Lyskowski Family Estate, Delta Personnel Services, members of her family, and other employees of Delta Personnel. *See* Dkt. No. 3. United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit with prejudice.

**Discussion**

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at \*2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

Liccardi cites multiple statutes and one regulation in her complaint but specifically lists two under the cause of action – a Securities and Exchange Commission ("SEC") regulation relating to prompt payment of funds due pursuant to an SEC order and a statute from Guam relating to the provision of protective care and services to the elderly and disabled. *See* Dkt. No. 3 at 12 (citing 17 C.F.R. § 201.601; 10 GUAM CODE ANN. § 21002).

But Liccardi does not point to any SEC order requiring disgorgement that would make the regulations applicable. And, even if the Guam law cited provided for a private right of action, Liccardi has not alleged any connection to Guam that would make its laws applicable to this case.

Elsewhere, in the complaint, Liccardi cites other federal and Texas statutes but none appear to give rise to a private right of action. *See id.* at 1, 14. 18 U.S.C. § 3283 sets the limitations period for federal prosecutions of crimes against children under 18. But "[p]rivate citizens do not have the right to bring a private action under

a federal criminal statute." *See Pierre v. Guidry*, 75 F. App'x. 300, 301 (5th Cir. 2003) (per curiam). For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see also Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

And Chapter 48 of the Texas Human Resources Code provides statutory authority for the Texas Department of Family and Protective Services "to investigate the abuse, neglect, or exploitation of an elderly person or person with a disability and to provide protective services to that person." TEX. HUM. RES. CODE § 48.001. It does not explicitly create any private right of action. *See generally id.* ch. 48. And like federal law, Texas law generally does not support reading an implied private right of action into a statute. *See Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) ("[T]he Legislature may grant private standing to bring such actions, but it must do so clearly." (citing *Agey v. Am. Liberty Pipe Line Co.*, 172 S.W.2d 972, 974 (Tex. 1943))); *Bickham v. Dallas County*, 612 S.W.3d 663, 670 (Tex. App.—Dallas 2020, pet. denied) ("The fact that a statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person. (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 687 (1979))).

The two other federal statutes cited are a statute relating to execution of judgments, *see* 28 U.S.C. § 3203 (but there does not appear to be any judgment in

Liccardi's favor), and a statute limiting punitive damages in lawsuits relating to Y2K, *see* 15 U.S.C. § 6604.

Because the statutes and regulation Liccardi relies upon in her complaint are inapplicable or do not support a private cause of action, Liccardi has not stated a claim for which relief can be granted, so the lawsuit should be dismissed with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But Liccardi has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Liccardi could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The Court should dismiss the lawsuit with prejudice for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE