IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SERAFINA LICCARDI,                        §
                                          §
            Plaintiff,                    §
                                          §
V.                                        §        No. 3:25-cv-1719-L-BN
                                          §
ROSE LYSKOWSKI FAMILY ESTATE,             §
ET AL.,                                   §
                                          §
            Defendants.                   §

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Serafina Liccardi filed this *pro se* action against the Rose Lyskowski Family Estate, Delta Personnel Services, members of her family, and other employees of Delta Personnel. *See* Dkt. No. 3. United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After the undersigned entered Findings, Conclusions, and Recommendation ("Initial FCR") that the Court dismiss Liccardi's original complaint for failure to state a claim [Dkt. No. 6], Liccardi filed a motion for leave to amend her complaint. *See* Dkt. No. 9. Because it was her one amendment as a matter of course under Federal Rule of Civil Procedure 15, the Court granted the motion and the Clerk docketed Liccardi's amended complaint. *See* Dkt. Nos. 10, 11.

But the amended complaint primarily relies on the same statutes and regulations as in the original complaint, and as set out in the Initial FCR, those provisions are inapplicable or do not support a private cause of action. *See* Dkt. No.

6. Liccardi does reference a new statute in her paragraph on jurisdiction – 18 U.S.C. § 2255 – which creates a civil remedy for personal injury for victims of a violation of specific federal statutes relating to trafficking and sexual exploitation of minors. *See* Dkt. No. 11 at 1. But there are no allegations in the proposed amended complaint to support the applicability of such a claim.

Because Liccardi's amended complaint does not state a claim for which relief can be granted, the lawsuit should be dismissed with prejudice.

### Recommendation

The Court should dismiss the lawsuit with prejudice for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE