IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SERAFINA LICCARDI,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1719-L-BN** |
| § | |
| **ROSE LYSKOWSKI FAMILY ESTATE,** § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

# **ORDER**

On July 3, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court dismiss with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, this action by pro se Plaintiff Serafina Liccardi ("Plaintiff") and all claims asserted by her in her Original Complaint for alleged elder abuse in violation of various state and federal statutes. The magistrate judge also recommended that the court not give Plaintiff an opportunity to amend her pleadings, reasoning that she has stated her "best case," and it is unlikely that she will be able to allege cogent and viable legal claims even if allowed to amend.

Plaintiff filed objections (Doc. 8) to the Report on July 14, 2025, contending that she should be allowed to amend her pleadings before they are dismissed with prejudice. Plaintiff was allowed to file an Amended Complaint (Doc. 11), which **mooted** her earlier objections (Doc. 8). Thereafter, the magistrate judge filed a Supplemental Report (Doc. 12) on July 17, 2025, concluding that the claims included in Plaintiff's Amended Complaint fare no better and should be dismissed with prejudice. According to the Supplemental Report, the claims in Plaintiff's Amended Complaint against Defendants in this action fail for the same reasons because she relies primarily on the same

Order – Page 1

statutes and regulations that are inapplicable to Plaintiff's elder abuse allegations or do not support a private cause of action.

Plaintiff did not file objections to the Supplemental Report, and the deadline for doing so has expired. Plaintiff instead filed a Motion to Request Leave to Combine Two Claims (Doc. 13) and a Motion to File Amended Petition to Join or Combine Two Claims (Doc. 16) on July 25 and 31, 2025. In both of these motions, Plaintiff requests to combine her claims in this case with those that she asserted in previously filed Case No. 3:25-CV-1432-E-BN against the Rose Lyskowski Family Estate, which was removed to federal court on June 6, 2025. The court **denies** these motions (Docs. 13, 16), as the claims alleged by Plaintiff in Case No. 3:25-CV-1432-E-BN were previously dismissed with prejudice on July 16, 2025, for failure to state a claim upon which relief can be granted. A judgment dismissing the action was filed on the same date.

On July 25, 2025, Plaintiff also filed a Motion to File Amended Complaint (Doc. 14). A few days later, she filed a Motion to File Receipt of Summons and Complaint (Doc. 15) on July 28, 2025. Rule 15(a)* provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).

---

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**

The proposed claims in Plaintiff's Motion to File Amended Complaint (Doc. 14) fail for the same reasons that the magistrate judge previously explained in his Report and Supplemental Reports—there is no private cause of action for alleged violations of criminal statutes. Plaintiff's Motion to File Amended Complaint also includes a claim for alleged violation of 10 G.C.A. § 21002. Plaintiff asserted a similar claim in her Original Complaint. This Guam statute pertains to elder abuse. It appears to be civil in nature, but there is no indication that it provides a private cause of action; rather, its stated purpose is to create a procedure or mechanism for investigating and evaluating information reported regarding elder abuse. 10 G.C.A. § 21007. Thus, any claim based on this statute fails as a matter of law. As Plaintiff has twice attempted to amend her pleadings in response to the magistrate judge's Reports, which identified the deficiencies in her pleadings, the court agrees that Plaintiff has pleaded her "best case" such that any further attempts at amendment would be futile and unnecessarily delay the resolution of this litigation. Pursuant to Rule 15(a), the court, therefore, **denies** Plaintiff's Motion to File Amended Complaint (Doc. 14) and **denies as moot** her Motion to File Receipt of Summons and Complaint (Doc. 15).

Further, having considered Plaintiff's pleadings, the file, record in this case, Report, and Supplemental Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts them as supplemented** as those of the court. This action and all claims asserted by Plaintiff against Defendants are, therefore, **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report and Supplemental Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on these Reports, the court

concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 5th day of August, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 4